FILED
CLERK, U.S. DISTRICT COURT
2/24/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: JB DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS CANALES-ANARIVA,<br>aka "Carlos,"<br>LUIS RECIO,<br>aka "Cuba," and<br>MIRNA LOPEZ,<br>aka "Johana,"<br><br>Defendants. | CR 2:26-cr-00089-GW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi), (b)(1)(B)(viii): Distribution of and Possession with Intent to Distribute Fentanyl and Methamphetamine; 18 U.S.C. § 924, 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS CANALES-ANARIVA AND RECIO]

A. OBJECTS OF THE CONSPIRACY

Beginning no later than on or about May 9, 2024, and continuing until at least on or about June 12, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants JUAN CARLOS CANALES-ANARIVA, also known as ("aka") "Carlos," and LUIS

RECIO, aka "Cuba," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine, and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii).

B. MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant CANALES-ANARIVA would supply co-conspirators, including defendant RECIO, with methamphetamine for further distribution, and would set the terms for such sales.

2. Defendant RECIO, using tents to avoid law enforcement detection, would sell methamphetamine to customers in 18th Street gang-controlled territory within MacArthur Park.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CANALES-ANARIVA AND RECIO]

On or about May 9, 2024, in Los Angeles County, within the Central District of California, defendants JUAN CARLOS CANALES-ANARIVA, also known as ("aka") "Carlos," and LUIS RECIO, aka "Cuba," each aiding and abetting the other, knowingly and intentionally distributed at least 500 grams, that is, approximately 893.5 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CANALES-ANARIVA AND RECIO]

On or about May 15, 2024, in Los Angeles County, within the Central District of California, defendants JUAN CARLOS CANALES-ANARIVA, also known as ("aka") "Carlos," and LUIS RECIO, aka "Cuba," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 890.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT RECIO]

On or about June 12, 2024, in Los Angeles County, within the Central District of California, defendant LUIS RECIO, also known as "Cuba," knowingly and intentionally distributed at least 50 grams, that is, approximately 853 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LOPEZ]

On or about February 10, 2025, in Los Angeles County, within the Central District of California, defendant MIRNA LOPEZ, also known as ("aka") "Johana," knowingly and intentionally distributed to Luis Recio, aka "Cuba," at least 40 grams, that is, approximately 114.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT RECIO]

On or about February 11, 2025, in Los Angeles County, within the Central District of California, defendant LUIS RECIO, also known as "Cuba," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 114.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT RECIO]

On or about February 11, 2025, in Los Angeles County, within the Central District of California, defendant LUIS RECIO, also known as "Cuba," knowingly and intentionally possessed with intent to distribute at least 5 grams, that is, approximately 34.2 grams, of methamphetamine, a Schedule II controlled substance.

SENTENCING ALLEGATION

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

Defendant MIRNA LOPEZ, also known as "Johana," prior to committing the offense alleged in Count Five of this Indictment, had been finally convicted of the following serious drug felony as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851: Conspiracy to Distribute Five Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), (B), in the United States District Court for the Central District of California, Case Number 2:99-cr-1274-RSWL-23, on or about July 1, 2002, for which defendant LOPEZ served a term of imprisonment of more than 12 months. Defendant LOPEZ was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in Count Five of this Indictment.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant’s conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Deputy Chief, Major Crimes Section

DANIEL H. WEINER
Assistant United States Attorney
Transnational Organized Crime Section