TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Deputy Chief, Major Crimes Section
DANIEL H. WEINER (Cal. Bar No. 329025)
Deputy Chief, Transnational Organized Crime Section
Assistant United States Attorneys
1300/1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5046/0813
Facsimile: (213) 894-0142
E-mail: jena.maccabe@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIRNA LOPEZ,<br>aka "Johana,"<br><br>Defendant. | No. CR 26-89-FLA-3<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 09-22-26<br>**PROPOSED TRIAL DATE:** 01-26-27 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Jena A. MacCabe and Daniel H. Weiner, and defendant MIRNA LOPEZ

("defendant"),[1] both individually and by and through her counsel of record, Mark Windsor, hereby stipulate as follows:

1. The Indictment in this case was filed on February 24, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 5, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 14, 2026.

2. On March 5, 2026, the Court set a trial date of April 28, 2026, and a pretrial conference for April 17, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three to four days.

4. The Court has previously continued the trial date in this case from April 28, 2026, to September 22, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to January 26, 2027, and the pretrial conference to January 15, 2027. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with one count of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi): Distribution of Fentanyl. The government has also alleged that defendant is subject to a 15-year mandatory

[1] Defendant JUAN CARLOS CANALES-ANARIVA is the only other defendant who has appeared yet in this case. According to Pretrial Services, that defendant absconded on August 3, 2026, so he is not a party to this stipulation.

minimum sentence if convicted on the 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi) count pursuant to 21 U.S.C. § 851. The government produced discovery to the defense, including Title III wiretap documents, recordings, and draft transcriptions; law enforcement reports; drug testing reports; photographs; and body-worn camera footage.

b. Defense counsel is presently scheduled to be in the following trials:

i. *U.S. v. Jamerson, et Al.*, (Jaidyn Steinberg)26CR279-FLA-2, a two-defendant sex trafficking case estimated to last 4-8 trial days and currently scheduled to begin on September 15, 2026.

ii. *U.S. v. Courdy, et. Al.*, 23CR200-MCS-9, a multi-defendant bank and wire fraud conspiracy case estimated to last 8-12 trial days and currently scheduled to begin on October 20, 2026.

iii. *U.S. v. Wedding, et. Al.*, 24CR396-SPG-13 (A. Acuña Garcia), a 15-defendant drug conspiracy trial currently scheduled to begin October 27, 2026, and estimated to last approximately 12 trial days.

iv. *U.S. v. Hector Infante*, 22CR494-GW-1, a 1-defendant Drug trafficking trial currently scheduled to begin on December 6, 2026, and is estimated to last approximately 4 to 6 trial days.

v. *U.S. v. Carillo, et al.*, 22CR573(A)-FWS-2, a RICO/VICAR murder and attempted murder trial estimated to last 8-12 trial days and scheduled to begin February 16, 2027.

vi. *U.S. v. Rojas*, 23cr00317-FWS, Suboxone distribution in a jail case estimated to last 1 week, single defendant, currently scheduled to begin on May 18, 2027.

vii. *U.S. v. Zoltan, et al.*, (Lidia Duque, #34), 26CR0014-JWH-34, a very large RICO and drug conspiracy case estimated to last 3-4 weeks, currently set for trial December 6, 2027. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 22, 2026, to January 26, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 28, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/

JENA A. MACCABE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MIRNA LOPEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 26, 2027, is an informed and voluntary one.

[signature] 8/19/26

MARK WINDSOR
Attorney for Defendant
MIRNA LOPEZ

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 26, 2027.

[signature] 8-19-26

MIRNA LOPEZ
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, Kathleen Caulfield, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant MIRNA LOPEZ on this date.

Kathleen Caulfield 8-19-26

INTERPRETER

Date